**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEUROSURGICAL SPINE SPECIALISTS OF NJ a/s/o A.S., <br><br> Plaintiffs(s), <br><br> v. <br><br> QUALCARE INC.; ENGLEWOOD HOSPITAL; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s), | CIVIL ACTION NO.: 12-5210 <br><br> **CIVIL ACTION** <br><br> **AMENDED COMPLAINT** |

The Plaintiffs, Neurosurgical Spine Specialists of NJ a/s/o A.S., (collectively referred to as "Plaintiff") by way of Amended Complaint against Defendants say:

## THE PARTIES

1. Plaintiff, Neurosurgical Spine Specialists of NJ (hereinafter referred to as "Neurosurgical Specialists" or "Plaintiff") is a medical services practice specializing in spinal surgeon, having an office located at 975 Clifton Avenue, Clifton NJ 07013. Dr. John Cifelli is a spinal surgeon employed at Neurosurgical Specialists. Sarah Bodie, PA-C is a physician assistant who provides co-surgeon services at Neurosurgical Specialists. At all relevant times, the Plaintiff was an "out-of-network" medical practice that provided various surgical services to subscribers enrolled in the healthcare plans of Defendants.

2. A.S. is a citizen of the United States residing in New Jersey and is a subscriber to a self-funded health insurance plan.

3. Defendant QualCare, Inc. (hereinafter referred to as "QualCare") is an insurance company authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey, and is headquartered at 30 Knightsbridge Road, Piscataway, NJ 08854.  QualCare is a managed care company consisting of several healthcare plans providing healthcare coverage and third party administration to its subscribers for both "in-plan" and "out-of-network" medical services.

4. QualCare conducts business in every county in the State of New Jersey, including Passaic County, and venue was properly laid in Passaic County.

5. Defendant Englewood Hospital (hereinafter referred to as "Hospital") is an acute care, community teaching hospital authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey, and is located at 350 Engle Street, Englewood, NJ 07631.  Hospital is a managed care company consisting of several healthcare plans providing healthcare coverage and third party administration to its subscribers for both "in-plan" and "out-of-network" medical services.

6. Hospital conducts business in every county in the State of New Jersey, including Passaic County, and venue was properly laid in Passaic County.

7. The terms of QualCare/Hospital's insurance agreements or plans were controlled by the laws of the State of New Jersey and/or Regulations of the New Jersey Department of Banking and Insurance and by the Employee Retirement Income

Massood & Bronsnick, LLC
Attorneys at Law

Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1101, et seq.

8. Plaintiffs received a written Assignment of Benefits agreement from A.S., the aforementioned QualCare/Hospital subscriber, of her contractual rights under the policy of group health insurance issued by QualCare/Hospital. Thus, Plaintiff has standing to bring a civil action against QualCare/Hospital. Plaintiffs make specific reference to the Assignment of Benefits as if set forth at length herein. Specifically, Plaintiffs were authorized by to file claims to the insurance carrier, file suit and enter legal actions as part of the signed Assignments of Benefits.

## SUBSTANTIVE ALLEGATIONS

9. QualCare/Hospital operates, controls and/or administers managed healthcare insurance plans providing health and medical coverage to its members and dependents. At all relevant times, QualCare/Hospital provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

10. Specifically, in this case, the Plaintiff provided the treating doctors for the medical procedures administered to A.S. It is not disputed that all of the surgical procedures performed were "medically necessary" and were approved by QualCare/Hospital.

11. The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the Plaintiffs, normally charge to their patients in the free market, i.e. without

Massood & Bronsnick, LLC
Attorneys at Law

an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

12. In each instance, prior to Plaintiff rendering services, QualCare/Hospital agreed to directly compensate Plaintiff their UCR fee for the services provided. Consequently, in each instance, Plaintiff reasonably believed and relied upon QualCare/Hospital's express or implied representations that Plaintiff would be paid the UCR fee and it was on that basis, Plaintiff agreed to render the services.

13. Plaintiff, Neurosurgical Specialists, submitted a bill to Defendant, QualCare/Hospital, based on the reasonable and customary charges for Dr. John Cifelli, in the amount of $257,117.00 for date of service 8/6/2010. QualCare/Hospital issued payment to Plaintiff in the amount of $11,875.51. QualCare/Hospital issued an Explanation of Benefits ("EOB") indicating that $2,272.96 was applied as co-pay and that the remaining balance was not allowed. However, the portion designated by QualCare/Hospital as "patient's responsibility" and "remaining balance" are in dispute since Plaintiff challenges the reasonable and customary charge ("UCR") allowed by QualCare/Hospital for the subject date of service.

14. Based upon the foregoing, Plaintiff hereby demands payment in the amount of $242,968.53.

15. Plaintiff submitted appeals for reconsideration of the claim, and for further payment. Defendant failed to provide an appropriate response to the appeal,

because they failed to provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment. Furthermore, Defendant failed to properly advise Plaintiff about the appeal process and therefore, Defendant did not properly consider payment on appeal.

16. Defendant has not issued any further payments to Plaintiff.

17. By and through this lawsuit, Plaintiff now seeks damages, due to Defendant's actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

## FIRST COUNT
### (Violation of ERISA)

18. Neurosurgical Specialists repeats and re-alleges all prior allegations as though fully set forth herein.

19. This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

20. The Patients' plans, under which Patients are entitled to health insurance coverage under ERISA, are administered and operated by QualCare/Hospital and/or QualCare/Hospital's designated third-party administrator and/or agent under ERISA.

21. QualCare/Hospital is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control with respect to management of the plans under which Patients are entitled to benefits as assigned to Plaintiff.

Massood & Bronsnick, LLC
Attorneys at Law

22. QualCare/Hospital is a fiduciary in relation to the matters set forth herein, by virtue of its exercise of authority and/or control and/or function control respecting the management and disposition of assets of the plans and/or by exercising discretionary authority and/or discretionary responsibility and/or functional authority in the administration of the Patients' plans.

23. QualCare/Hospital's fiduciary functions include, *inter alia*, preparation and submission of explanation of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Plaintiff concerning benefits to Patients under the plans, and coverage, handling, management, review, decision-making and disposition of appeals and grievances under the Patients' plans.

24. Neurosurgical Specialists received assignment of benefits from A.S. which had "out of network" benefits for surgery under her plan or insurance agreement with or administered by QualCare/Hospital through which A.S. assigned to Neurosurgical Specialists, *inter alia*, the individual Patients' right to receive payment directly from QualCare/Hospital for the services that the patient received from Neurosurgical Specialists.

25. The Assignment of Benefits that Neurosurgical Specialists received from A.S. confers upon Neurosurgical Specialists' status of "beneficiary" under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B) and § 1102(8) et seq.

26. As a beneficiary under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B), Neurosurgical Specialists is entitled to recover benefits due (and/or other benefits due to the Patient), and to enforce the rights of the Patient (and/or the rights of the

Patient) under ERISA law and/or the terms of the applicable plans/policies.

27. Neurosurgical Specialists has sought payment of benefits under the applicable Patients' plans and QualCare/Hospital has refused to make payment to Neurosurgical Specialists for the medical services rendered to the A.S..

28. The denial of A.S.'s claims are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

29. The form and basis of the denial of the A.S.'s claims are insufficient and not in compliance with ERISA.

30. Neurosurgical Specialists is entitled to recover the reasonable attorneys' fees and costs of action pursuant to 29 USC § 1132(g), et seq. and other provisions of ERISA, as applicable.

31. There is no basis for the claims not being paid when the reasonable and customary charge is the standard.

WHEREFORE, Plaintiffs request judgment against Defendant for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

Massood & Bronsnick, LLC
Attorneys at Law

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

32. Neurosurgical Specialists repeats and re-alleges all prior allegations as though

fully set forth herein.

33. QualCare/Hospital has an obligation to supply all documents used in making any claims determination.

34. QualCare/Hospital has an obligation to explain its determination regarding the denial of claims.

35. QualCare/Hospital has a duty to provide Neurosurgical Specialists a full and fair hearing on the claims determination.

36. QualCare/Hospital is a fiduciary under ERISA.

37. QualCare/Hospital's determinations of all claims without any (or even substantial) explanation were arbitrary and capricious as well as being in violation of ERISA.

38. QualCare/Hospital violated its fiduciary duty to the A.S. and Neurosurgical Specialists as assignee of A.S.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## THIRD COUNT
### (Breach of Contract—QualCare)

39. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

40. QualCare conducts business in the State of New Jersey, including Passaic County,

Massood & Bronsnick, LLC
Attorneys at Law

and venue was properly laid in Passaic County.

41. QualCare issued a self-funded policy of insurance to A.S. and/or is obligated to provide health insurance to its insured's and their participating family members.

42. QualCare breached its contract with Neurosurgical Spine Specialists of NJ a/s/o A.S., by failing to pay the reasonable and customary rate for the medical necessary services rendered under the terms of the policy, by failing to properly respond to the appeal, and by failing to comply with the terms of the Summary Plan Description.

43. Consequently, Neurosurgical Specialists was damaged by QualCare's breach of contract.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;
b) Interest;
c) Costs of suit;
d) Attorney's fees; and
e) Such other relief as the court deems equitable and just.

### FOURTH COUNT
**(Breach of Contract—Englewood Hospital)**

44. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

45. Hospital conducts business in the State of New Jersey, including Passaic County, and venue was properly laid in Passaic County.

46. Hospital issued a self-funded policy of insurance to A.S. and/or is obligated to

provide health insurance to its insured's and their participating family members.

47. Hospital breached its contract with Neurosurgical Spine Specialists of NJ a/s/o A.S., by failing to pay the reasonable and customary rate for the medical necessary services rendered under the terms of the policy, by failing to properly respond to the appeal, and by failing to comply with the terms of the Summary Plan Description.

48. Consequently, Neurosurgical Specialists was damaged by Hospital's breach of contract.

WHEREFORE, Plaintiff requests judgment against Defendants for:

f) Compensatory damages;

g) Interest;

h) Costs of suit;

i) Attorney's fees; and

j) Such other relief as the court deems equitable and just.

## FIFTH COUNT
### (Promissory Estoppel)

49. Plaintiffs repeat and re-allege all prior allegations as though fully set forth herein.

50. Plaintiffs rendered medical services to A.S., and therefore, Plaintiffs expected to be paid its UCR fee for the medically necessary services.

51. In reliance upon Defendants' confirmation of coverage for medical services, prior to rendering services, Plaintiffs provided the QualCare/Hospital subscriber with "medically necessary" care and medical treatment.

52. At no time did Defendants' ever withdraw its confirmation of coverage for

medical services based upon reasonable and customary fees.

53. Despite Defendants' continued confirmation of coverage for medical services for a reasonable and customary fee payment, Defendants have not appropriately paid Plaintiffs for the medical services rendered.

54. Defendants' actions have therefore caused Plaintiffs to suffer a detriment of a definite and substantial nature in reliance upon Defendants' promise to pay for medical services at a reasonable and customary fee thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

55. Defendants' actions have therefore caused Plaintiffs to suffer a detriment of a definite and substantial nature in reliance thereon, thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

56. Plaintiffs have suffered significant damages as a result.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

f) Compensatory damages;

g) Interest;

h) Costs of suit;

i) Attorney's fees; and

j) Such other relief as the Court deems equitable and just.

### SIXTH COUNT
### (Negligent Misrepresentation)

57. Plaintiffs repeat and re-allege all prior allegations as though fully set forth herein.

58. Despite its confirmation of reasonable and customary payment for medically necessary services, prior to Plaintiffs rendering of the services, Defendants negligently refused to pay the subject claims appropriately in accordance with

said confirmation. Because of Defendants' negligent misrepresentation, Plaintiffs were paid less than the reasonable and customary rates.

59. Defendants' negligent misrepresentation of medical coverage for services rendered at a reasonable and customary payment was unknown to Plaintiffs at the time it agreed to perform the medical services for the subscribers and/or their dependents. Plaintiffs reasonably expected and relied upon what it believed to be Defendants' honest representations that the Plaintiffs would be properly compensated in accordance with the medical coverage plan presented prior to the medical services being performed.

60. Plaintiff's reliance on these representations was to its substantial detriment and as a result the Plaintiffs suffered significant monetary damages.

61. By virtue of the foregoing, Defendants have committed negligent misrepresentation.

62. Plaintiffs have suffered significant damages as a result.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

**e)** Such other relief as the Court deems equitable and just.

## SEVENTH COUNT
**(Unjust Enrichment)**

63. Plaintiffs repeat and re-allege all prior allegations as though fully set forth herein.

64. At all relevant times, Defendants consistently and systematically refused to pay

Massood & Bronsnick, LLC
Attorneys at Law

Plaintiffs reasonable and customary fees for the medical services rendered, contrary to Defendants' confirmation of payment terms.

65. Defendants have therefore been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to Plaintiffs.

66. Plaintiffs have suffered significant damages as a result.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## EIGHTH COUNT

67. Plaintiffs repeat and re-allege all prior allegations as though fully set forth herein.

68. On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

**DESIGNATION OF TRIAL COUNSEL**

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

**JURY DEMAND**

The undersigned hereby demands a trial by jury as to all issues.

                                  MASSOOD & BRONSNICK, LLC
                                  Attorneys for Plaintiff

                                  */s/ Andrew R. Bronsnick*

                                  ANDREW R. BRONSNICK, ESQ.

Dated: December 12, 2012
w:\wp51\majormed\cifelli\A.S.\amended complaint 12.7.12.docx