JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT ENGLEWOOD HOSPITAL & MEDICAL CENTER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEUROSURGICAL SPINE SPECIALISTS OF N.J. a/s/o A.S., <br><br>    Plaintiffs, <br><br> v. <br><br> QUALCARE INC.; ENGLEWOOD HOSPITAL; ABC CORP. (1-10) (Said names being fictitious and unknown entities) <br><br>    Defendants. | Civil Action No. 2:12-cv-5210 (CCC) <br><br><br> **DEFENDANT ENGLEWOOD HOSPITAL AND MEDICAL CENTER'S ANSWER AND DEFENSES** |

Defendant Englewood Hospital & Medical Center ("Defendant"), by and through its attorneys, Jackson Lewis LLP, in answer to Plaintiff's Amended Complaint, state as follows:

### THE PARTIES

1. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Amended Complaint. As such, Defendant leaves Plaintiff to its proofs.

2. Defendant admits the allegations set forth in paragraph 2 of the Amended Complaint.

3. Defendant admits only that QualCare, Inc. ("QualCare") is a third party administrator. Defendant denies the remaining allegations set forth in paragraph 3 of the Amended Complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the Amended Complaint. As such, Defendant leaves Plaintiff to its proofs.

5. Defendant admits only that Defendant is an acute care, community teaching hospital located at 350 Engel Street, Englewood, New Jersey 07631. Defendant denies the remaining allegations set forth in paragraph 5 of the Amended Complaint.

6. To the extent this paragraph states legal contentions, no responsive pleading is required and Defendant leaves Plaintiff to its proofs. Defendant denies the remaining allegations set forth in paragraph 6 of the Amended Complaint.

7. To the extent this paragraph is directed at QualCare Inc., Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Amended Complaint. To the extent this paragraph is directed at Defendant, Defendant admits only that the Plan is governed by ERISA. Defendant denies the remaining allegations set forth in paragraph 7 of the Amended Complaint.

8. To the extent paragraph 8 of the Amended Complaint states legal contentions, no responsive pleading is required and Defendants leaves Plaintiffs to its proofs. Defendant admits only that a written Assignment of Benefits was entered into between A.S. and Plaintiff. Defendant avers that the Assignment of Benefits between A.S. and Plaintiff is a document that speaks for itself.

## SUBSTANTIVE ALLEGATIONS

9. To the extent this paragraph is directed at Defendant, Defendant denies the allegations set forth in paragraph 9 of the Amended Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Amended Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Amended Complaint.

13. Defendant admits only that Plaintiff requested payment in the amount of $257,117 for date of service August 6, 2010 and that Defendant issued payment to Plaintiff in the amount of $11,875.51, and an Explanation of Benefits indicating that $2,272.96 was applied as co-pay. The Defendant denies the remaining allegations set forth in paragraph 13 of the Amended Complaint, to the extent they are directed towards Defendant.

14. The allegations set forth in paragraph 14 are a prayer for relief, to which no responsive pleading is required. Defendant denies that Plaintiff is entitled to any relief at law or in equity.

15. The allegations set forth in this paragraph are unclear as to which defendant they refer. To the extent this paragraph is directed towards Defendant, Defendant denies the allegations of paragraph 15 of the Amended Complaint.

16. The allegations set forth in this paragraph are unclear as to which defendant they refer. To the extent this paragraph is directed towards Defendant, Defendant admits the allegations of paragraph 16 of the Amended Complaint.

17. The allegations set forth in this paragraph are unclear as to which defendant they refer. To the extent the allegations set forth in paragraph 17 are a prayer for

relief, no responsive pleading is required. To the extent this paragraph is directed towards Defendant, Defendant denies that Plaintiff is entitled to any relief at law or in equity.

## FIRST COUNT
### (Violation of ERISA)

18. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 18 of the Amended Complaint.

19. The allegations set forth in paragraph 19 of the Amended Complaint state legal contentions, to which no responsive pleading is required. As such, Defendant leaves Plaintiff to its proofs.

20. Defendant admits that the Plan at issue is governed by ERISA. Defendant denies the remaining allegations set forth in paragraph 20 of the Amended Complaint.

21. Defendant admits that it is an "administrator" in relation to the matters set forth in Plaintiff's Amended Complaint. The remaining allegations in paragraph 21 of the Amended Complaint state legal contentions, to which no responsive pleading is required. As such, Defendant leaves Plaintiff to its proofs.

22. To the extent this paragraph is directed towards Defendant, Defendant denies the allegations set forth in paragraph 22 of the Amended Complaint.

23. To the extent this paragraph is directed towards Defendant, Defendant denies the allegations of paragraph 23 of the Amended Complaint.

24. Defendant admits only that a written Assignment of Benefits was entered into between A.S. and Plaintiff. Defendant avers that the Assignment of Benefits between A.S. and Plaintiff, as well as any plan or insurance agreement between A.S. and QualCare/Hospital, are documents that speak for themselves.

25. To the extent the allegations in paragraph 25 of the Amended Complaint state legal contentions, no responsive pleading is required. As such, Defendant leaves Plaintiff to its proofs. Defendant admits only that a written Assignment of Benefits was entered into between A.S. and Plaintiff. Defendant avers that the Assignment of Benefits between A.S. and Plaintiff is a document that speaks for itself.

26. The allegations set forth in paragraph 26 of the Amended Complaint state legal contentions, to which no responsive pleading is required. As such, Defendant leaves Plaintiff to its proofs.

27. To the extent this paragraph is directed towards Defendant, Defendant admits only that Plaintiff has sought payment of benefits under A.S.'s plans. Defendant denies the remaining allegations set forth in paragraph 27 of the Amended Complaint as Plaintiff is not entitled to any additional payments.

28. Defendant denies the allegations set forth in paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Amended Complaint.

30. The allegations set forth in paragraph 30 of the Amended Complaint state legal contentions, to which no responsive pleading is required. As such, Defendant leaves Plaintiff to its proofs. To the extent a more detailed response is required, Defendant denies Plaintiff is entitled to any relief at law or in equity.

31. Defendant denies the allegations set forth in paragraph 31 of the Amended Complaint.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the First Count of the Amended Complaint.

## SECOND COUNT
### (ERISA – Breach of Fiduciary Duty)

32. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 32 of the Amended Complaint.

33. The allegations set forth in paragraph 33 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

34. The allegations set forth in paragraph 34 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

35. The allegations set forth in paragraph 35 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

36. The allegations set forth in paragraph 36 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

37. The allegations set forth in paragraph 37 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

38. The allegations set forth in paragraph 38 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Second Count of the Amended Complaint.

### THIRD COUNT
### (Breach of Contract - QualCare)

39. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 39 of the Amended Complaint.

40. The allegations set forth in paragraph 40 of the Amended Complaint are not directed to Defendant and as such, no response is required.

41. The allegations set forth in paragraph 41 of the Amended Complaint are not directed to Defendant and as such, no response is required.

42. The allegations set forth in paragraph 42 of the Amended Complaint are not directed to Defendant and as such, no response is required.

43. The allegations set forth in paragraph 43 of the Amended Complaint are not directed to Defendant and as such, no response is required.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Third Count of the Amended Complaint.

### FOURTH COUNT
### (Breach of Contract – Englewood Hospital)

44. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 44 of the Amended Complaint.

45. The allegations set forth in paragraph 45 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

46. The allegations set forth in paragraph 46 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

47. The allegations set forth in paragraph 47 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

48. The allegations set forth in paragraph 48 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Fourth Count of the Amended Complaint.

### FIFTH COUNT
(Promissory Estoppel)

49. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 49 of the Amended Complaint.

50. The allegations set forth in paragraph 50 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

51. The allegations set forth in paragraph 51 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

52. The allegations set forth in paragraph 52 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

53. The allegations set forth in paragraph 53 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

54. The allegations set forth in paragraph 54 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

55. The allegations set forth in paragraph 55 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

56. The allegations set forth in paragraph 56 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Fifth Count of the Amended Complaint.

### SIXTH COUNT
### (Negligent Misrepresentation)

57. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 57 of the Amended Complaint.

58. The allegations set forth in paragraph 58 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

59. The allegations set forth in paragraph 59 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

60. The allegations set forth in paragraph 60 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

61. The allegations set forth in paragraph 61 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

62. The allegations set forth in paragraph 62 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Sixth Count of the Amended Complaint.

### SEVENTH COUNT
### (Unjust Enrichment)

63. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 63 of the Amended Complaint.

64. The allegations set forth in paragraph 64 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

65. The allegations set forth in paragraph 65 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

66. The allegations set forth in paragraph 66 of the Amended Complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Seventh Count of the Amended Complaint.

### EIGHTH COUNT
### (John Doe Count)

67. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 67 of the Amended Complaint.

68. The allegations set forth in paragraph 68 of the Amended Complaint are not directed to Defendant and as such, no response is required.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Eighth Count of the Amended Complaint.

### DEFENSES

### AS AND FOR A FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to pursue this action.

### AS AND FOR A THIRD DEFENSE

Plaintiff's claims are preempted, in whole or in part, by ERISA.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are governed, in whole or in part, by ERISA, and ERISA does not provide for the relief Plaintiff seeks against the Defendant.

### AS AND FOR A FIFTH DEFENSE

Plaintiff's demand for a jury trial is barred by ERISA.

### AS AND FOR A SIXTH DEFENSE

Plaintiff's demand for compensatory damages is barred by ERISA, which limits Plaintiffs to payment of benefits that were allegedly denied.

### AS AND FOR A SEVENTH DEFENSE

Plaintiff's claims are barred by the express terms of the applicable health benefit plan.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiff has failed to exhaust its administrative remedies under the applicable health benefit plan.

### AS AND FOR A NINTH DEFENSE

Plaintiff's claims were not asserted within the time parameters stated in the applicable health benefit plan and are thus untimely.

### AS AND FOR A TENTH DEFENSE

Defendant reserves the right to amend its answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for appropriate discovery.

**WHEREFORE**, Defendant respectfully requests that this Court:

a. Dismiss the Amended Complaint in its entirety with prejudice;

b. Deny each and every demand, claim, and prayer for relief set forth in the Amended Complaint;

c. Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

    d.    Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

By:  s/ Carla D. Macaluso
      Carla D. Macaluso
      Sean-Patrick Wilson

ATTORNEYS FOR DEFENDANT
ENGLEWOOD HOSPITAL & MEDICAL
CENTER

DATED: April 29, 2013

## L. CIV. R. 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, I hereby certify that upon information and belief, this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. I know of no other parties who should be joined in this action at this juncture.

>JACKSON LEWIS LLP
>220 Headquarters Plaza
>East Tower, 7th Floor
>Morristown, New Jersey 07960
>(973) 538-6890
>
>By:   s/ Carla D. Macaluso
>          Carla D. Macaluso
>          Sean-Patrick Wilson
>
>ATTORNEYS FOR DEFENDANT
>ENGLEWOOD HOSPITAL & MEDICAL CENTER

DATED: April 29, 2013

4840-7863-9635, v. 1
221464 - Pleading - Answer and Defenses (final).docx